SUSIE THOMAS vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.  February 7, 1983. — June 10, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Limitations, Statute of.  Massachusetts Bay Transportation Authority.*

General Laws c. 161A, § 21, providing a two-year period of limitations
for personal injury actions against the Massachusetts Bay Transporta-
tion Authority, governs all such actions whether in tort or in contract.
[409-410]

CIVIL ACTION commenced in the Dorchester Division of
the District Court Department on March 8, 1982.

Upon removal to the Superior Court Department, a mo-
tion to dismiss was heard by *Linscott,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Michael J. Kallis* for the plaintiff.

*Barbara A. Fay (James G. Fay* with her) for the defend-
ant.

NOLAN, J.  This case raises the question whether G. L.
c. 161A, § 21,[1] the statute of limitations applicable to ac-
tions against the Massachusetts Bay Transportation Author-
ity (MBTA), controls the time frame for commencement of
actions of contract for personal injuries against the MBTA.
We hold that § 21 governs actions of contract as well as tort
for personal injuries sustained by a passenger of the MBTA.

While a passenger on an MBTA trolley car on March 19,
1979, the plaintiff suffered bodily injury.  Almost three

---

[1] See *Hearn* v. *Massachusetts Bay Transp. Auth., ante* 404 n.1 (1983).

years later, on March 1, 1982, she commenced an action against the MBTA by filing a complaint which alleged that she was a passenger on the MBTA's trolley when she was injured as a result of the negligence of its employees. The plaintiff moved to amend her complaint to make clear that she sought recovery in contract, not in tort. The MBTA had earlier filed a motion to dismiss on the ground of the two-year statute of limitations in G. L. c. 161A, § 21. The judge allowed the motion to dismiss without acting on the plaintiff's motion for leave to file the amended complaint. The plaintiff countered with a motion purportedly within Mass. R. Civ. P. 15(a) and 59(e), 365 Mass. 761, 827 (1974), in which she sought "to set aside" the order of dismissal. That motion was denied. The plaintiff appealed to the Appeals Court, and we took the case on our own motion. G. L. c. 211A, § 10(A).

1. *Application of G. L. c. 161A, § 21.* The plaintiff argues that G. L. c. 260, § 2A, the statute of limitations governing actions of tort and contract to recover for personal injuries, should govern her action instead of G. L. c. 161A, § 21, which governs actions against the MBTA. The three-year limitation in § 2A would leave the plaintiff with an enforceable claim, whereas she would be barred under the two-year limitation of § 21. The plaintiff's argument fails to reckon with the language of § 21 which declares the MBTA's liability "for the acts and negligence of . . . the servants and employees of the authority." It is true that in the next paragraph of § 21 there is a provision for liability "in tort to passengers . . . for personal injury." The plaintiff insists that this reference to tort liability excludes from operation of the statute any passenger who seeks recovery for personal injuries in contract. We do not agree. The thrust of § 21 is a limitation on actions for personal injury, death, and property damage. There is essentially little difference between the elements of proof in a tort action for personal injury and a contract action for the same. Negligence of the MBTA, damage to the plaintiff, and a causal connection between the negligence and the damage are ele-

ments of proof in both actions. The distinction between actions in tort and in contract is insignificant, if it exists at all, in this setting except that the plaintiff in contract must prove that she had been a passenger. See *Scandura* v. *Trombly Motor Coach Serv., Inc.,* 370 Mass. 612, 618 (1976). Cf. *Sullivan* v. *O'Connor,* 363 Mass. 579, 587-589 (1973) (comparison of tort and contract theories in the context of medical malpractice). The duty of the defendant is the same whether the action is in tort or in contract. *Tefft* v. *Boston Elevated Ry.,* 285 Mass. 121, 124 (1934), and cases cited. It appears that the measure of recoverable damages is the same under both theories if negligence is alleged. In sum, the essential nature of the plaintiff's claim is recovery for personal injuries founded on the MBTA's negligence, and the gist of § 21 is recovery for personal injuries, among other claims, based on the MBTA's negligence. Therefore, we hold that an action in contract for personal injuries is embraced within G. L. c. 161A, § 21. We conclude that § 21 contains the only statute of limitations applicable to a claim for personal injuries against the MBTA. In *Hearn* v. *Massachusetts Bay Transp. Auth., ante* 404 (1983), we reached a similar result, upholding § 21 in the face of an attack grounded on equal protection of the laws and implied repeal.

2. *Other issues.* We need not reach the plaintiff's claim that the judge erred in failing to allow her motion for leave to file an amended complaint and in denying her motion for relief under Mass. R. Civ. P. 59(e), because we have decided the case on the hypothesis that the plaintiff brought an action in contract which was the thrust of her amended complaint. Further, in view of our conclusion that § 21 applies to actions of contract as well as tort, we need not address the plaintiff's argument as to the unconstitutionality of § 21 based, as the argument is, on the premise that § 21 applies only to tort actions. She makes no claim that the two-year limitation is unconstitutional if § 21 applies to contract actions.

*Judgment affirmed.*