USCA1 Opinion

 

 June 9, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2311 DENIS MARTIN LINEHAN, Plaintiff, Appellant, v. HARVARD UNIVERSITY, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ___________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ___________________ Denis M. Linehan on brief pro se. ________________ Allan A. Ryan, Jr., on brief for appellee. _________________ __________________ __________________ Per Curiam. Plaintiff appeals the district court's __________ dismissal of his diversity suit as time-barred under Massachusetts three-year statute of limitations for personal injury actions. The complaint alleges that between March and May, 1987, while plaintiff was enrolled in a graduate studies program at Harvard Law School, defendant subjected him to sonic abuse from a remote controlled device installed in close proximity to his dormitory room. Plaintiff claims that defendant's wrongful actions were motivated by a vendetta that had its origin in an employment dispute between the plaintiff and University College Cork in Ireland. The complaint was filed on December 10, 1992, more than five years after the dates of alleged injury. Plaintiff argues, however, that the three-year statute of limitations is tolled by (1) fraudulent concealment, or (2) his absence from the jurisdiction, or (3) the disability caused by defendant's alleged tort. He also argues (4) that his claims survive under the state's six-year statute of limitations for breach of contract claims,1 and (5) that defendant is estopped from asserting the limitations bar by certain judgments of the Irish courts. We reject these contentions for the following reasons. (1) A defendant's alleged ____________________ 1. Plaintiff reportedly completed his course of study at Harvard, obtaining an LL.M. degree in June, 1987. Nevertheless, he alleges interruptions in contracts for "studentship," accommodation, medical and linen services. -2- fraud may toll the limitations period only if it "conceals the cause of . . . action from the knowledge of the person entitled to bring it . . . . " Mass. Gen. L. ch. 260, 12. Plaintiff's complaint asserts, however, that he was aware of the alleged sonic abuse and his physical injury at the time it occurred. His theory that Harvard is responsible for the alleged tort is built almost entirely on actions and statements by Harvard personnel of which he was aware in 1986 and 1987. In addition, as early as May, 1987, plaintiff sought legal assistance to litigate or mediate this claim against Harvard. "[A] cause of action is not concealed from one who has knowledge of the facts that create it . . . ." Riley v. Presnell, 409 Mass. 239, 251, 565 N.E.2d 780, 787 _____ ________ (1991) (citation omitted); see also Bowen v. Eli Lilly & Co., ________ _____ _______________ 408 Mass. 204, 205, 557 N.E.2d 739, 740 (1990) (holding that a cause of action accrues when the plaintiff has notice of the basic fact that he has been harmed by the defendant's conduct, regardless of an ignorance of the particulars). (2) A plaintiff's voluntary departure from the state after the accrual of his cause of action does not toll the statute of limitations. Cf. Mass. Gen. L. ch. 260, 9 ___ (a defendant's absence may toll the limitations period); ___________ Walsh v. Ogorzalek, 372 Mass. 271, 361 N.E.2d 1247 (1977) _____ _________ (tolling for non-resident defendants is limited to those defendants not amenable to service during their absence). -3- The plaintiff's residence in a foreign country during the relevant period does not qualify as a disabling factor unless the foreign country was then at war with the United States. Mass. Gen. L. ch. 260, 8. (3) We know of no case, and plaintiff has cited none, which holds that a plaintiff's alleged physical injury alone tolls the Massachusetts statute of limitations. The state recognizes mental illness as a disabling factor, but plaintiff does not claim a period of insanity. See Mass. ___ Gen. L. ch. 260, 7. In any event, the complaint alleges facts which show that during the relevant period plaintiff understood his legal rights, employed counsel, and actively pursued legal claims relating to his disability in the Irish courts. His injury is thus not one recognized as disabling for purposes of tolling the statute. See McGuinness v. ___ ___________ Cotter, 412 Mass. 617, 624 n.9, 591 N.E.2d 659, 663 n.9 ______ (1992) (holding that a mental disability tolls the statute when it prevents the plaintiff from "comprehending his legal rights," or pursuing a lawsuit); Pederson v. Time, Inc., 404 ________ __________ Mass. 14, 16, 532 N.E.2d 1211, 1212 (1989) (same under prior wording of the statute). (4) Under Massachusetts law, the determination of whether the contract or tort statute of limitations applies is controlled by the "essential nature of the party's claim." -4- Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 636, 585 ______________________ ______ N.E.2d 315, 319 (1992). A pivotal factor is the nature of the acts upon which the defendant's liability is predicated. Compare _______ Royal-Globe Ins. Co., 585 N.E.2d at 319-20 (holding that suit ____________________ is in contract where liability is predicated on defendant's breach of a contract to indemnify for injuries physically caused by another) with Thomas v. Massachusetts Bay Transp. ____ ______ _________________________ Auth., 389 Mass. 408, 450 N.E.2d 600 (1983) (holding the suit _____ is in tort where liability is predicated on defendant's physically injurious acts, despite collateral contract between the parties). The gravamen of plaintiff's complaint is that defendant engaged in physically injurious acts against him. Although he alleges incidental contracts that impose other obligations, the personal injury he claims does not arise from those contracts. Accordingly, the three-year statute of limitations governs this action. (5) The purported judgment of the Irish Supreme Court awarding to plaintiff a pension from University College Cork is irrelevant to the issues before us.2 Harvard was not a party to the alleged Irish litigation. The Irish court's alleged refusal to issue a summons for service on ____________________ 2. We do not reach questions of the authenticity, completeness or timeliness of plaintiff's reply brief submission of xerox copies of the purported Irish judgment and related documents, because plaintiff's description of the litigation shows its irrelevancy to the issues at hand. -5- Harvard because of "forum conveniens", does not, as plaintiff urges, evidence a determination by that court of the Massachusetts limitations question. We perceive in plaintiff's arguments no reason for deviating from the general rule that binds only parties and their privies to a final judgment. Moreover, when different claims are asserted in a subsequent action, a party to the first action is estopped only as to issues that were actually litigated, actually determined, and essential to the first judgment. See generally Miles v. Aetna Casualty _____________ _____ ______________ & Sur. Co., 412 Mass. 424, 426, 589 N.E.2d 314, 316 (1992) ___________ (applying the general rule as stated in Montana v. United _______ ______ States, 440 U.S. 147, 153 (1979) and the Restatement (Second) ______ of Judgments 27 (1982)). Finally, we see no merit in plaintiff's claim that the district court denied him an opportunity to be heard in opposition to defendant's motion to dismiss. By district court rule, plaintiff had the right to file a written opposition to the motion and to request oral argument. D. Mass. R. 7.1(B)(2), (D). He acknowledges that he did not exercise these rights during the seven weeks following service of the motion (six weeks following his receipt of it). Instead, he argues that six weeks was too short (and by implication so was the 14-day period provided by the rule), yet he offers no satisfactory reason why he also failed to -6- exercise his right to request an enlargement of time. D. Mass. R. 7.1(B)(2). We do not credit plaintiff's attempt to shift responsibility to the defendant and the court to insure that he learns of his rights under published procedural rules. Plaintiff allegedly holds advanced degrees in law, including two from institutions in this country. His "pro se status does not absolve him from compliance with . . . the district court's procedural rules." FDIC v. Anchor ____ ______ Properties, 13 F.3d 27, 31 (1st Cir. 1994).3 __________ The posture of this case does not require us to address other apparent infirmities in plaintiff's complaint. Accordingly, the judgment below is affirmed. ________ ____________________ 3. Though not necessary to our disposition, we note that plaintiff suffered no prejudice from his failure to file an opposition. Plaintiff's complaint, which was before the court, predicted the limitations issue and included the same responsive arguments which plaintiff raises on appeal. The court did not enter a default judgment, but properly considered the merits of the motion in light of the papers on file. See Mullen v. St. Paul Fire & Marine Ins. Co., 972 ___ ______ _________________________________ F.2d 446, 451 (1st Cir. 1992). -7-