## Angelina Lavecchia *vs.* Massachusetts Bay Transportation Authority.

No. 01-P-1358.

Essex. February 13, 2003. - July 31, 2003.

Present: Jacobs, Rapoza, & Green, JJ.

Further appellate review granted, 440 Mass. 1103 (2003).

*Municipal Corporations,* Liability for tort. *Way,* Public: defect. *Limitations, Statute of. Notice,* Timeliness. *Massachusetts Bay Transportation Authority,* Statute of limitations.

The three-year statute of limitations of G. L. c. 84, § 18, permitting actions for injuries based upon a defect in a public way, rather than G. L. c. 161A, § 21, permitting certain actions against the Massachusetts Bay Transportation Authority (MBTA) only if filed within two years of the injury, applied to a claim for injuries sustained when the plaintiff stepped into a hole in a sidewalk after leaving a station operated by the defendant MBTA, where the sidewalk in issue qualified as a public way under G. L. c. 84 as it was open to travel not only by persons entering and leaving the station, but also by other members of the general public. [659-661]

Civil action commenced in the Lynn Division of the District Court Department on September 19, 1997.

Following transfer to the Superior Court Department, the case was heard by *Diane M. Kottmyer,* J., on motions for summary judgment.

*Linda M. Leggett* for the plaintiff.

*Paul J. Sahovey (Jonathan P. Feltner* with him) for the defendant.

Jacobs, J. The plaintiff appeals from a Superior Court judgment dismissing, as untimely, her claim for injuries sustained when she stepped into a hole in a sidewalk after leaving the Maverick Square Station operated by the defendant Massachusetts Bay Transportation Authority (MBTA). The injury occurred on September 23, 1994, and the plaintiff initially filed an action in the District Court on September 19, 1997. The is-

sue before us is whether the case is controlled by the three-year limitation of G. L. c. 84, § 18, permitting actions for injuries based upon a defect in a public way, or by G. L. c. 161A, § 21, permitting certain actions against the MBTA only if filed within two years of the injury.

After the plaintiff's original action was dismissed on the MBTA's motion, the Appellate Division of the District Court reversed, concluding that the plaintiff's action was timely under G. L. c. 84, § 18. Following a trial, a District Court judge ordered judgment for the plaintiff. Pursuant to G. L. c. 231, § 104, the MBTA obtained a transfer of the case for trial in the Superior Court. Acting on the parties' cross motions for summary judgment, the Superior Court judge allowed the MBTA's motion, ruling that the two-year statute of limitations in G. L. c. 161A, § 21, barred the plaintiff's action.[1] The judge ruled that G. L. c. 84, § 18, is a "general" statute that must yield to G. L. c. 161A, § 21, a "specific" statute. We think the analysis must be otherwise.

*Discussion.* "The law is well established . . . that the '*exclusive remedy* for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G. L. c. 84, § 15'" (emphasis supplied). *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. 490, 492 (1990), quoting from *Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982). In pertinent part, G. L. c. 84, § 15, states: "If a person sustains bodily injury . . . by reason of a defect . . . in or upon a way, and . . . such defect . . . might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may . . . recover damages therefor from such county, city, town or person . . . ." Accordingly, the case is controlled by G. L. c. 84 if the sidewalk in issue is a way.[2]

While there is no definition of a "way" in G. L. c. 84, there

---

[1] On appeal, neither party raises any issue as to the effect, if any, to be given to the Appellate Division decision. See generally Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court §§ 11.19, 11.21 (2d ed. 1990 & Supp. 2001).

[2] The MBTA concedes that the plaintiff fell on property under its control, and the parties stipulated that the MBTA was obliged to maintain and repair the sidewalk. "The MBTA is a governmental entity, G. L. c. 161A, § 2, and

is no question that the term encompasses a sidewalk open to public travel. It is not disputed that the area where the plaintiff in this case fell is an exterior "sidewalk" adjacent to the Maverick Square Station.[3] With reference to a sidewalk within the limits of a way in *Weare* v. *Fitchburg*, 110 Mass. 334, 337 (1872), the court stated: "[W]e understand the travelled path to be that which, with the knowledge and acquiescence of the town, is used for public travel, within the located limits of the way." Compare *Sullivan* v. *Worcester*, 232 Mass. 111, 115 (1919). In the circumstances of this case, the sidewalk in issue qualifies as a public way under G. L. c. 84 if it is open to travel not only by persons entering and leaving the Maverick Station, but also by other members of the general public.

The summary judgment submissions to the Superior Court establish that there is such general public access. We have examined a plan of the Maverick Square Station area[4] from which we make the following observations. The plan shows a concrete platform exterior to the station in an area that extends into what is labeled a "sidewalk." The station and the sidewalk appear as a long, rectangular island whose ends extend toward Sumner and Maverick Streets. It is apparent that there are possible paths for vehicular traffic on either side of the island between Sumner and Maverick Streets, as well as from Henry and Winthrop Streets, which open into the space to the western side of the island. Also possible are numerous paths for pedestrian traffic to and from the station, along the sidewalk, and to and from the nearby streets.

Given the exclusivity of the c. 84, § 15, remedy for defects in a way, the two-year limitation of actions under G. L. c. 161A,

---

[there is no contention] that it is not a 'person' for the purposes of G. L. c. 84, § 15." *Baird* v. *Massachusetts Bay Trans. Authy.*, 32 Mass. App. Ct. 495, 497 (1992).

[3]The plaintiff stated that she "exited the station, crossed the sidewalk which was immediately outside the station, stepped [into a hole] and fell."

[4]In a general description of the area where the plaintiff fell, the MBTA, in its summary judgment materials, referred to an affidavit, a plan, and a deposition, all of which were not included in the record presented to us. We have obtained and examined these materials.

§ 21, is inapplicable.[5] Compare *Baird* v. *Massachusetts Bay Trans. Authy.*, 32 Mass. App. Ct. 495 (1992), where the plaintiff was injured when she fell over the stump of a signpost in a sidewalk that the MBTA had a duty to maintain. "By grounding [her] claim on a defect in a municipal way, the plaintiff[] bound [herself] exclusively to the remedial provisions of G. L. c. 84." *Id.* at 498.[6]

The Superior Court judgment dismissing the plaintiff's complaint is vacated and the case is to stand for trial in that court.

*So ordered.*

---

[5]The relevant portion of paragraph two of G. L. c. 161A, § 21, as appearing in St. 1964, c. 563, § 18, is as follows:

> "The authority shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company; provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage . . . ."

The second paragraph of § 21 now appears in G. L. c. 161A, § 38, as added by St. 1999, c. 127, § 151.

[6]Unlike G. L. c. 161A, governing the MBTA, the governing statutes of two other public authorities specifically provide for liability, in the manner and subject to the limitations of G. L. c. 84, §§ 15 and 18, for injuries caused by defects in certain ways. See G. L. c. 81A, § 20 (Massachusetts Turnpike Authority); St. 1958, c. 599, § 11, seventh par. (Massachusetts Port Authority). We conclude that the absence of such a provision in the MBTA statute, however, does not diminish the exclusivity of the remedy provided by G. L. c. 84, § 15, and we do not rely on the approach of the Appellate Division, which focused on the reference in c. 161A, § 21, to a street railway company, and the specific implication of G. L. c. 84 in the statute governing the latter. That statute provides for liability for "injury sustained by any person in the management and use of its tracks . . . if notice of such . . . injury is given . . . and an action therefor is commenced in the manner provided by section eighteen of chapter eighty-four." G. L. c. 161, § 89.