## ANGELINA LAVECCHIA vs. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.

Essex. January 6, 2004. - March 16, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Limitations, Statute of. Statute,* Construction. *Massachusetts Bay Transportation Authority,* Statute of limitations.

This court concluded that the two-year limitations period of G. L. c. 161A, § 38, governs all personal injury claims against the Massachusetts Bay Transportation Authority (MBTA), including those involving a defect in a public way, and that, in the event of a conflict between § 38 and G. L. c. 84, § 18 (which provides a three-year limitations period on personal injury claims arising from a "defect" in a public "way"), the provisions of § 38 will control; therefore, a Superior Court judge properly dismissed, as time barred under the two-year limitations period of § 38, an action for injuries sustained by the plaintiff when she fell on a public sidewalk maintained and controlled by the MBTA. [243-247]

CIVIL ACTION commenced in the Lynn Division of the District Court Department on September 19, 1997.

Following transfer to the Superior Court Department, the case was heard by *Diane M. Kottmyer,* J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Paul J. Sahovey (Jonathan P. Feltner* with him) for the defendant.

*John R. Bologna* for the plaintiff.

MARSHALL, C.J. At the conclusion of a bench trial, a judge of the District Court awarded the plaintiff, Angelina Lavecchia, $15,500 in damages[1] against the Massachusetts Bay Transportation Authority (MBTA) for injuries that she sustained when she fell on a public sidewalk maintained and controlled by the

---

[1]The plaintiff was also awarded costs and prejudgment interest.

MBTA. The sole issue before us is whether the plaintiff's claims are governed by the two-year statute of limitations on personal injury claims against the MBTA, see G. L. c. 161A, § 38,[2] or by the three-year statute of limitations on personal injury claims arising from a "defect" in a public "way." See G. L. c. 84, §§ 15, 18.[3] Because the plaintiff filed her claims against the MBTA nearly three years after the incident, the ultimate success of her suit hinges on our determination. A series of lower court decisions reached contrary conclusions on this question of law, culminating with the Appeals Court's decision, *Lavecchia v. Massachusetts Bay Transp. Auth.*, 58 Mass. App. Ct. 658 (2003), which vacated a Superior Court judge's entry of summary judgment for the MBTA that had been predicated on the applicability of G. L. c. 161A, § 38. We granted the MBTA's application for further appellate review, and now affirm the decision of the Superior Court judge.

1. *Background.* We summarize the undisputed facts. The MBTA is a political subdivision of the Commonwealth that owns and operates mass transportation services throughout the

[2]General Laws c. 161A, § 38, states, in pertinent part: "The [MBTA] shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the [MBTA], for personal injury and for death and for damages to property in the same manner as though it were a street railway company; provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of the injury which caused the death."

When this action was filed in 1997, the two-year statute of limitations was codified at G. L. c. 161A, § 21, inserted by St. 1964, c. 563, § 18. In 1999, G. L. c. 161A was repealed in its entirety and replaced with the current G. L. c. 161A. The provision relating to the statute of limitations period for personal injury actions against the MBTA was retained without amendment and now appears as G. L. c. 161A, § 38. St. 1999, c. 127, § 151.

[3]General Laws c. 84, § 18, states in pertinent part: "A person . . . may recover the same in an action of tort [for defects in public ways pursuant to G. L. c. 84, § 15,] if brought within three years after the date of such injury or damage."

General Laws c. 84, § 15, states, in pertinent part: "If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair . . . upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may . . . recover damages therefor from such county, city, town or person . . . ."

Commonwealth. See G. L. c. 161A. Among other real properties, it owns the Maverick Street Station in the East Boston section of Boston and maintains and controls sidewalks adjacent to the station.[4] After the plaintiff had left the Maverick Street Station in the late afternoon of September 23, 1994, she inadvertently stepped into a hole in a sidewalk, injuring her neck and back. There is no dispute that the MBTA controlled and maintained the sidewalk as a public way.

On October 4, 1994, well within the thirty-day notice period prescribed by G. L. c. 84, § 18, the plaintiff notified the MBTA of her claim. She did not file suit against the MBTA, however, until September 19, 1997, nearly thirty-six months after the incident.[5] The complaint alleged that the MBTA's negligent maintenance of the sidewalk caused her injuries.

The MBTA subsequently moved to dismiss the suit as barred by the two-year statute of limitations governing personal injury claims against it. G. L. c. 161A, § 38. A judge in the District Court allowed the MBTA's motion, but a three-judge panel of the Appellate Division of the District Court reversed, concluding that the proper limitations period was the three-year limitations period of the public way statute, G. L. c. 84, § 18. On remand, the case was tried before a District Court judge, who entered judgment for the plaintiff.

The MBTA then removed the case to the Superior Court, see G. L. c. 231, § 104, where both parties filed motions for summary judgment. The Superior Court judge allowed the MBTA's motion for summary judgment on the ground that the two-year limitations period of the MBTA statute, G. L. c. 161A, § 38, governed the case. The plaintiff appealed to the Appeals Court, which concluded that the plaintiff was entitled to the benefit of the three-year limitations period of G. L. c. 84, § 15, and vacated the Superior Court judgment. See Lavecchia v. *Massachusetts Bay Transp. Auth.*, *supra* at 659, 660-661, quoting

---

[4] On appeal, the plaintiff claims that the Commonwealth, not the MBTA, owns the property at issue. Neither party disputes that the MBTA controlled the property, and the question of ownership is not material to the resolution of this matter.

[5] On April 30, 1999, the MBTA and the plaintiff stipulated to the dismissal of her claim against the city of Boston.

*Wolf* v. *Boston Water & Sewer Comm'n*, 408 Mass. 490, 492 (1990) (because G. L. c. 84, § 15, is "the 'exclusive remedy for a claim of personal injury . . . against governmental entities responsible for defects in a way,' " G. L. c. 161A, § 38, "is inapplicable").

2. *Discussion.* We agree with the Superior Court judge that the limitations periods of G. L. c. 84, § 18, and G. L. c. 161A, § 38, are irreconcilable. Moreover, the question before us cannot be resolved by resort to the established canon of statutory construction that "general statutory language must yield to that which is more specific." *TBI, Inc.* v. *Board of Health of N. Andover*, 431 Mass. 9, 18 (2000), quoting *Risk Mgt. Found. of Harvard Med. Insts., Inc.* v. *Commissioner of Ins.*, 407 Mass. 498, 505 (1990). Here, both statutory provisions at issue are "special" laws in that they address discrete, specific circumstances — the limitations period for actions for "personal injury," death, and property damage against the MBTA as a defendant in G. L. c. 161A, § 38; and for actions for "bodily injury" and property damage caused by defects in a "way" against any "person by law obliged to repair the same," G. L. c. 84, §§ 15, 18.[6] Consequently, to determine which provision the Legislature intended to apply to this case, we must turn to the statutory history of each provision. See *Wong* v. *University of Mass.*, 438 Mass. 29, 30 (2002). After reviewing the relevant statutory history of G. L. c. 161A, § 38; G. L. c. 84, § 18; and related statutes, we conclude that the Legislature intended the two-year limitations provisions of the MBTA statute, G. L. c. 161A, § 38, to govern a personal injury claim against the MBTA for a defect in a public way that is under its control and maintenance.

In 1964, prompted by the imminent failure of several private street railway companies and the availability of Federal mass transit aid, see St. 1964, c. 563 (letter from Governor to Secretary of the Commonwealth), the Legislature created the MBTA as "a body politic and corporate and a political subdivision of the commonwealth," St. 1964, c. 563, § 18, to "oper-

---

[6]There is no dispute that the MBTA is a "person" within the meaning of G. L. c. 84, § 18. *Baird* v. *Massachusetts Bay Transp. Auth.*, 32 Mass. App. Ct. 495, 497 (1992).

ate, in the public interest, commuter railroads, rapid transit, buses, street-cars and any other forms of mass transportation." 1964 Senate Doc. No. 820, at 12. The MBTA superseded the network of private companies that, until that time, had provided mass transportation services in the greater Boston area, and the Massachusetts Transportation Authority that regulated such entities. See *id.* From its inception, the MBTA was subject to tort liability governed by a two-year statute of limitations. St. 1964, c. 563, § 18. Inclusion of a liability provision in the MBTA enabling statute was significant because, without such a provision the MBTA, as a State entity, would have been immune from tort actions under the then prevailing law of sovereign immunity. See *Wong* v. *University of Mass.*, *supra* at 33; *Whitney* v. *Worcester*, 373 Mass. 208, 212-213 (1977); *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 623-624 (1973).[7] Apparently, the Legislature wanted the public to retain the right to bring tort actions against the MBTA to the extent that such a right previously had been available against private railway and streetcar companies. See St. 1964, c. 563, § 18.

The subsequent history of the MBTA liability provision of G. L. c. 161A, § 38, offers abundant evidence that, when the Legislature enacted a law that the MBTA "shall be liable in tort to passengers and to persons in the exercise of due care who are not passengers or in the employment of the [MBTA], for personal injury and for death and for damages to property in the same manner as though it were a street railway company," it intended that provision to apply to all personal injury actions brought against the MBTA without regard to whether the

[7]In 1964, the Legislature had not yet enacted the Massachusetts Tort Claims Act, authorizing tort claims against the Commonwealth and other governmental entities, and would not do so for over one decade. St. 1978, c. 512, § 15. In 1964, the Commonwealth had only consented to be sued in contract, not in tort, see *Wong* v. *University of Mass.*, 438 Mass. 29, 32-33 (2002), except that the Legislature had consented to suit against the Commonwealth for defects in State highways, up to $4,000, G. L. c. 84, § 18, with damages for injuries on a public way to be awarded against a "county, city, town or local water and sewer commission" up to $5,000. G. L. c. 81, § 15. See 1965 Senate Doc. No. 990, at 75-76 ("Massachusetts still clings tenaciously to the concept that the sovereign can do no wrong and has relinquished little of its sovereign immunity. . . . However, the state has shown an inclination to provide greater relief to the person injured by the tortious activity of local communities").

incident occurred inside a MBTA station or on other property the MBTA controls and maintains. First, the Legislature has retained the two-year limitations provision in the MBTA statute despite numerous extensions of other statutes of limitations. In 1964, when the MBTA was established, the ordinary limitations period for tort actions was two years. See, e.g., G. L. c. 260, § 2A, inserted by St. 1948, c. 274, § 2 (general negligence statute); G. L. c. 84, § 18, as amended by St. 1933, c. 114, § 1 (public way statute). In 1973, the Legislature increased the statute of limitations period for general negligence claims from two to three years.[8] G. L. c. 260, § 2A, as amended by St. 1973, c. 777, § 1. Several years later the limitations periods for claims based on defects in a public way, St. 1979, c. 163, § 1, and wrongful death, G. L. c. 229, § 2, as amended by St. 1979, c. 164, § 1, were similarly increased from two to three years. Additionally, in 1978, the Legislature enacted the Massachusetts Tort Claims Act, St. 1978, c. 512, § 15, through which the Commonwealth consented to be sued in tort. This act, with its three-year statute of limitations, specifically exempted the MBTA from its reach. See G. L. c. 258, § 1.

Second, the Legislature has not reconsidered the MBTA's tort liability in light of our decisions in *Thomas* v. *Massachusetts Bay Transp. Auth.*, 389 Mass. 408 (1983), and in *Hearn* v. *Massachusetts Bay Transp. Auth.*, 389 Mass. 404 (1983). In *Thomas* v. *Massachusetts Bay Transp. Auth.*, *supra* at 410, we concluded that G. L. c. 161A, § 38, "contains the *only* statute of limitations applicable to a claim for personal injuries against the MBTA" (emphasis added). In *Hearn* v. *Massachusetts Bay Transp. Auth.*, *supra* at 406, we recognized that G. L. c. 161A, § 38, is a special statute that establishes a different limitations period for the MBTA from other tort actions, and we upheld the constitutionality of that distinction against a Federal equal protection challenge.

Finally, our conclusion is supported when we compare the provisions of G. L. c. 161A to statutes governing other

---

[8]This act also increased the statute of limitations period to three years for tort claims for damages arising from improvements to real property; attorney, accountant, and medical malpractice; as well as tort actions for assault and battery, false imprisonment, slander, and libel. St. 1973, c. 777, §§ 2, 3.

transportation-related governmental entities and public authorities, such as the Massachusetts Port Authority (Massport) and the Massachusetts Turnpike Authority. The Legislature has expressly provided that the latter two entities are liable for defects in their public "ways" in the manner provided for by G. L. c. 84, §§ 15 and 18. See St. 1956, c. 465 (Massport); G. L. c. 81A, § 20 (Turnpike Authority). Had the Legislature intended to fold the MBTA's tort liability into the scope of the public ways statute, it knew how to make its intent lambently clear.[9]

We reject the plaintiff's argument that the limitations period for tort actions against the MBTA should be determined by whether the plaintiff was injured while engaged in an activity that is transportation related as opposed to an activity that is unrelated to transportation. By its express terms, G. L. c. 161A, § 38, encompasses a broad range of potential tort claimants and tort claims. The statutory scheme and the sound public policy on which it rests, see *Hearn* v. *Massachusetts Bay Transp. Auth., supra,* would be seriously disrupted by fractionating the MBTA's liability among several statutes and conditioning liability on a predicate determination of the function of the property on which the incident occurred.

3. *Conclusion.* We conclude that the two-year limitations period of G. L. c. 161A, § 38, governs all personal injury claims against the MBTA, including those involving a defect in a public way. To the extent that provisions of G. L. c. 161A, § 38, and G. L. c. 84, § 18, conflict, it is the provisions of G. L. c. 161A, § 38, that control. We affirm the judgment of the Superior Court

---

[9]The decision in *Baird* v. *Massachusetts Bay Transp. Auth.,* 32 Mass. App. Ct. 495, 498 (1992), does not compel a different result. The Appeals Court held that the notice requirement of G. L. c. 81, § 18, applies to claims brought against the MBTA. *Id.* The plaintiff contends that the *Baird* case mandates that all of the provisions of that statute must apply to personal injury claims based on defects in a public way, including its three-year limitations period. The Appeals Court did not refer to G. L. c. 161A, § 21 (now § 38), and the question of the correct limitations period for personal injury claims against the MBTA where the injury occurred on a public "way" was not before it. We have reviewed the briefs filed in that case, and no party raised the precise question. *Baird* v. *Massachusetts Bay Transp. Auth., supra,* concerns only the issue of a plaintiff's notice to the MBTA; it may not be read to carve out an exception to the legal status of the MBTA as a tort defendant as defined by G. L. c. 161A, § 38.

dismissing the action as time barred by the two-year statute of limitations pursuant to G. L. c. 161A, § 38.

*So ordered.*