SUPERIOR COURT 
 
 CRAIG HARRISON AND BARBARA RUCHIE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

 
 Docket:
 1884CV02939-BLS2
 
 
 Dates:
 June 18, 2020
 
 
 Present:
 /s/Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM AND ORDER ALLOWING DEFENDANTS' PARTIAL MOTION TO DISMISS
 
 

             Craig Harrison and Barbara Ruchie were hired by staffing agencies to provide information technology services to the Massachusetts Bay Transportation Authority. They claim that the MBTA is liable under the independent contractor statute, or under a common-law unjust enrichment theory, because it should have classified them (and other IT workers) as employees and given them benefits that are available to MBTA employees. Harrison also asserts a retaliation claim, alleging that he complained of being misclassified as an independent contractor and that in response the MBTA fired him.
            The Court will allow the MBTA's partial motion to dismiss these three claims.[1]
            The two statutory claims, for misclassification as an independent contractor and for retaliation, are barred by the Commonwealth's sovereign immunity. The Court therefore lacks subject matter jurisdiction over these claims and will dismiss them under Mass. R. Civ. P. 12(b)(1) without prejudice. See Abate v. Fremont Inv. & Loan, 470 Mass. 821, 836 (2015).
            The unjust enrichment count fails to state a claim upon which relief can be granted because the parties' rights and obligations were defined by valid contracts. This is a decision on the merits; the Court will therefore dismiss this claim under Rule 12(b)(6) with prejudice. See Mestek, Inc. v. United Pacific Ins. Co., 40 Mass. App. Ct. 729, 731, rev. denied, 423 Mass. 1108 (1996).
            1. Misclassification Claim. In count I of their second amended complaint, Plaintiffs contend that the MBTA violated G.L. c. 149, § 148B (the "independent
---------------------------
[1]The plaintiffs assert two other claims that the MBTA does not seek to dismiss. Harrison is suing his immediate supervisor at the MBTA for tortious interference with contractual relations. Ruchie asserts a Wage Act claim against the MBTA for allegedly not paying her for all the hours she worked.
                                                            -1-
contractor statute") by treating them as independent contractors rather than as employees. Harrison and Ruchie claim that, as a result of being misclassified as independent contractors, they were improperly denied many benefits available to MBTA employees, including paid time off, travel expense reimbursements, various kinds of insurance, and retirement benefits.
            The Court concludes that it lacks subject matter jurisdiction over this claim, and thus must dismiss it under Rule 12(b)(1), because the claim is barred by the legal doctrine of sovereign immunity. See generally Nordberg v. Commonwealth, 96 Mass. App. Ct. 237, 244 (2019) ("Whether a defendant has sovereign immunity raises questions of subject matter jurisdiction.").[2]
            It is now well established that the MBTA shares the Commonwealth's sovereign immunity. Neither the independent contractor statute nor the MBTA's enabling act clearly and unequivocally waives the MBTA's sovereign immunity as to liability for allegedly misclassifying a worker as an independent contractor rather than as an employee.
            1.1. Sovereign Immunity. The principle or doctrine of sovereign immunity means that the Commonwealth, as well as its agencies and instrumentalities, cannot be sued in Massachusetts courts "except with its consent," and that when the Commonwealth gives such consent it can be sued "only in the manner and to the extent expressed [by] statute." Smith v. Massachusetts Bay Transp. Auth., 462 Mass. 370, 373 (2012) (Commonwealth and agencies), quoting Town of Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 601 (2010); accord Brown v. Office of Comm'r of Prob., 475 Mass. 675, 677 (2016) (Commonwealth and instrumentalities). "Among other functions, the doctrine 'protects the public treasury against [depletion by] money judgments.' " Smith,
---------------------------
[2] Since sovereign immunity deprives courts of subject matter jurisdiction, Plaintiff's argument that the MBTA waived this defense by its conduct in this case and others is without merit. It is irrelevant how long the MBTA waited to seek dismissal of this action or whether it settled prior lawsuits without ever raising sovereign immunity as a defense. "Subject matter jurisdiction cannot be conferred by consent, conduct or waiver." Rental Prop. Mgmt. Svcs. v. Hatcher, 479 Mass. 542, 547 (2018), quoting Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981). A defense of lack of subject matter jurisdiction may therefore be raised at any time, even if it is raised for the first time on appeal. See, e.g., Tosti v. Ayik, 386 Mass. 721, 725 (1982).
                                                            - 2 -
supra, quoting New Hampshire Ins. Guar. Ass'n v. Markem Corp., 424 Mass. 344, 351 (1997).
            The MBTA is covered by the Commonwealth's sovereign immunity. Since the MBTA is a political subdivision of the Commonwealth, and is funded in large part from the Commonwealth's treasury and by the cities and towns that it serves, "[u]nder the doctrine of sovereign immunity ... the MBTA is not amenable to suit without the Commonwealth's express consent." Smith, 462 Mass. at 373; accord Lavecchia v. Massachusetts Bay Transp. Auth., 441 Mass. 240, 244 (2004) (enabling act provision making MBTA liable for torts "was significant because, without such a provision the MBTA, as a State entity, would have been immune from tort actions under the then prevailing law of sovereign immunity").
            Sovereign immunity will bar claims against the Commonwealth, and thus against the MBTA, absent a "clear" and "unequivocal" statutory waiver of that immunity. Sheriff of Suffolk Cty. v. Jail Officers & Employees of Suffolk Cty., 465 Mass. 584, 597-598 (2013). "The rules of construction governing statutory waivers of sovereign immunity are stringent." Boston Med. Ctr. Corp. v. Secretary of Exec. Office of Health & Human Svcs., 463 Mass. 447, 454 (2012), quoting Ware v. Commonwealth, 409 Mass. 89, 91 (1991). The Legislature can only be said to have waived sovereign immunity "where consent to suit is 'expressed by the terms of a statute, or appearfs] by necessary implication from them.' " Id., quoting Lopes v. Commonwealth, 442 Mass. 170, 175-176 (2004). "Waiver of sovereign immunity will not be lightly inferred." Lopez v. Commonwealth, 463 Mass. 696, 701 (2012).
            The Legislature has not waived the Commonwealth's or the MBTA's sovereign immunity with respect to liability under the independent contractor statute, either explicitly or by necessary implication. Nothing in G.L. c. 149, § 148B, or in c. 149 as a whole, says or implies that the Commonwealth or the MBTA may be sued and held liable under that independent contractor statute.
            The Court recognizes that "remedial statutes such as the independent contractor statute are 'entitled to liberal construction.' " Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 620 (2013), quoting Batchelder v. Allied Stores Corp., 393 Mass. 819, 822, 473 N.E.2d 1128 (1985).
            However, Plaintiffs' argument that one should therefore read § 148B as implicitly waiving the Commonwealth's sovereign immunity is without merit.
                                                            - 3 -
The Commonwealth is immune from suit under a broad remedial statute unless the statute waives sovereign immunity expressly or by necessary implication; the mere passage of a remedial statute that protects workers or citizens in general is not enough to waive sovereign immunity. See Commonwealth v. ELM Med. Labs., Inc., 33 Mass. App. Ct. 71, 77-79 (1992) (though Massachusetts Civil Rights Act, G.L. c. 12, §§ 11H-11I, is remedial statute entitled to liberal construction, it does not waive Commonwealth's sovereign immunity and thus does not apply against Commonwealth); see also M. O'Connor Contracting, Inc. v. City of Brockton, 61 Mass. App. Ct. 278, 283-285 (2004) (sovereign immunity bars claim under G.L. c. 93A against governmental entity arising from performance of governmental function).
            In other statutes enacted to protect employees, the Legislature expressly provided that some or all Commonwealth employees are covered by and may enforce the statute. That waives sovereign immunity by necessary implication.
            For example, "the antidiscrimination statute, G.L. c. 151B, waives the sovereign immunity of the 'Commonwealth and all political subdivisions ... thereof' by including them in the statutory definition of persons and employers subject to the statute." Bain v. City of Springfield, 424 Mass. 758, 763 (1997), quoting G.L. c. 151B, § 1(1) and (5).
            Similarly, the Wage Act provides that the Commonwealth must pay timely wages to every "mechanic, workman, and laborer" and to employees of a "penal or charitable institution," that every city and town must pay timely wages to all employees, and that any employee aggrieved by a violation of that statute may bring a civil action to recover their unpaid wages. See G.L. c. 149, §§ 148 and 150. These statutes waive sovereign immunity as to such claims by necessary implication. Compare Plourde v. Police Dep't of Lawrence, 85 Mass. App. Ct. 178, 181 (2014) (rejecting sovereign immunity defense because municipalities are expressly subject to Wage Act) with Newton v. Comm'r of Dep't of Youth Servs., 62 Mass. App. Ct. 343, 347-349 (2004) (Wage Act does not apply to Commonwealth employee who was not a mechanic, workman, or laborer, and did not work in a penal or charitable institution).
            In contrast, Plaintiffs have not identified any statute that expressly or by necessary implication waives sovereign immunity with respect to a claim against the MBTA under the independent contractor statute.
                                                            - 4 -
            1.2. "Sue and Be Sued" Provision. Plaintiffs argue that the Legislature waived the MBTA's sovereign immunity as to claims of all kinds by providing, in the MBTA's enabling statute, that the MBTA may "sue and be sued." See G.L. c. 161A, § 2. The Court is not persuaded.
            It is hard to square this argument with existing case law regarding the MBTA's sovereign immunity. From the time it was established, the MBTA has always been an entity that could "sue and be sued" in its own name. See St.1964, c. 563, § 18 (inserting G.L. c. 161A, § 2). Nonetheless, as discussed above, the Supreme Judicial Court has repeatedly held that the MBTA would not be subject to tort liability without a clear statutory waiver of sovereign immunity as to tort claims. See Smith, 462 Mass. at 373; Lavecchia, 441 Mass. at 244. Those rulings would be incorrect if the "sue and be sued" provision was a global waiver of the MBTA's sovereign immunity.
            Plaintiffs note that these decisions do not expressly say whether the "sue and be sued" provision waives sovereign immunity. The SJC was not asked to consider and did not directly address this question in Smith and Lavecchia.
            It is therefore open to Plaintiffs to argue, as they do, that these decisions are not binding precedent as to this precise issue. "The most that can be said is that the point was in the cases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 719 n.12 (1990), quoting Webster v. Fall, 266 U.S. 507, 511 (1925).
            But even if Smith and Lavecchia had not resolved the question, the Court would still conclude that the "sue and be sued" provision does not waive the MBTA's sovereign immunity.
            Plaintiffs urge the Court to apply and follow Federal case law holding that sueand-be-sued provisions' waive governmental immunity. The Supreme Court has long held that a Federal statute providing that a government agency may "sue and be sued" operates as a broad waiver of sovereign immunity as to that agency—unless there is a "clear showing that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow
                                                            -5-
sense." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 480 (1994), quoting Federal Housing Admin. v. Burr, 309 U.S. 242, 245 (1940); accord Loeffler v. Frank, 486 U.S. 549, 554 (1988) (United States Postal Service); see also Thacker v. Tennessee Valley Auth., 139 S. Ct. 1435, 1440 (2019) (waiver of sovereign immunity in TVA's sue-and-be-sued clause not subject to discretionary function exception in Federal Tort Claims Act).
            This line of Federal cases is built on a foundation that is inconsistent with Massachusetts law, however. The Supreme Court started from the premise that Federal statutory waivers of governmental immunity from suit "should be liberally construed." F.H.A. v. Burr, 309 U.S. at 245; accord Meyer, 510 U.S. at 480; Loeffler, 486 U.S. at 554. Based on that premise, the Supreme Court held that statutes saying an agency may be sued waive sovereign immunity absent a clear showing that the statute as a whole was not intended to subject the agency to liability. Burr, supra.
            Under Massachusetts law, in contrast, the stringent rules for construing potential waivers of sovereign immunity point the other way. Those rules require that any asserted waiver must be construed narrowly, not liberally. See, e.g., Onofrio v. Dep't of Mental Health, 411 Mass. 657, 659 (1992); Massachusetts Elec. Co. v. Athol One, Inc., 391 Mass. 685, 687 (1984). And it is the waiver of immunity —not an intent to maintain immunity—that must be "clear" and "unequivocal." See Sheriff of Suffolk Cty., 465 Mass. at 597-598.
            It is also significant that the vast majority of courts in other States to address this issue have rejected Plaintiffs' argument. The rule in most States is that a statute allowing a governmental entity to "sue and be sued" merely clarifies that the entity has the status and capacity to be a party to a civil action, but does not operate as a waiver of sovereign immunity.[3]
---------------------------
[3] See Guerrero v. Alaska Hous. Fin. Corp., 6 P.3d 250, 258 (Alaska 2000) (State agency with "the power to sue and be sued as an independent entity" retains sovereign immunity if it functions as arm of the State); Quintano v. Indus. Comm'n, 495 P.2d 1137, 1138 (Colo. 1972) (statute providing that State commission "may sue and be sued" did not waive sovereign immunity); Self v. City of Atlanta, 377 S.E.2d 674, 676 (Ga. 1989) (sue and be sued provisions "should be read as providing an entity with the status and capacity to enter courts, and not as waiving sovereign immunity"); State ex rel. Fatzer v. Kansas Tpk. Auth., 273 P.2d 198, 205 (Kan. 1954) (statute providing turnpike authority has power to sue and be sued did not waive sovereign immunity);
            <continued>
Canal/Claiborne, Ltd. v. Stonehedge Dev., LLC, 156 So. 3d 627, 639 (La. 2014) (statute providing that subtenant Department of Family and Children's Services could sue and be sued allows Department to sue in its own name and be sued as a separate entity, but does not waive sovereign immunity); Young v. Greater Portland Transit Dist., 535 A.2d 417, 419 (Me. 1987) (sue or be sued provision does not waive governmental immunity); State ex rel. Reg'l Justice Info. Serv. Comm'n v. Saitz, 798 S.W.2d 705, 708 (Mo. 1990) (en banc) (statute authorizing sovereign entity to "sue and be sued" does not waive sovereign immunity); Burke v. Board of Trustees of Nebraska State Colleges, 924 N.W.2d 304, 313 (Neb. 2019) (statute permitting Board to sue and be sued "is not an express legislative waiver of sovereign immunity"); Ransom v. St. Regis Mohawk Educ. & Community Fund, 658 N.E.2d 989, 995 (N.Y. 1995) ("statutory power to sue and be sued contained in the D.C. and New York nonprofit corporation laws did nothing more than recognize the Fund's status as an entity with the capacity to enter our courts"); Tooke v. City of Mexia, 197 S.W.3d 325, 342 (Tex. 2006) (provision that government entity may sue and be sued is not a clear and unambiguous waiver of sovereign immunity); Elizabeth River Tunnel Dist. v. Beecher, 117 S.E.2d 685, 689 (Va. 1961) (statute providing that tunnel district "may sue and be sued" did not waive sovereign immunity); Mayhugh v. State, 867 N.W.2d 754, 763-764 (Wisc. 2015) (sue and be sued language clarifies that Department of Correction "is a legal entity with the capacity to sue and be sued once immunity has been waived"); see also Spangler v. Florida State Tpk. Auth., 106 So. 2d 421, 423 (Fla. 1958) (sue and be sued provision did not waive turnpike authority's immunity from liability for tort); Bryant v. Louisville Metro Hous. Auth., 568 S.W.3d 839, 850 (Ky. 2019) (statute providing that housing authority may sue and be sued authorized suits on contracts or to protect property, but did not waive tort immunity); Kringen v. Shea, 333 N.W.2d 445, 446 (S.D. 1983) (sue and be sued provision did not waive sovereign immunity from tort liability); but see Dep't of Cmty. Affairs & Econ. Dev. v. M. Davis & Sons, Inc., 412 A.2d 939, 943 (Del. 1980) (statute providing agency may sue and be sued "reveals an apparent intent on the part of the General Assembly that the Department waive its immunity to suit ... without restriction as to the kind of liability sought to be imposed"); Frankel v. Bd. of Regents of Univ. of Maryland Sys., 761 A.2d 324, 330 (Md. 2000) (sue and be sued provision waives sovereign immunity as to matters within scope of agency's duties and obligations); Taylor v. N.J. Highway Authority, 126 A.2d 313, 319-322 (N.J. 1956) (sue and be sued provision in authority's enabling act was broad waiver of sovereign immunity).
                                                            - 6 -
The Court finds this line of State cases to be persuasive because it is consistent with the Massachusetts rules for construing waivers of sovereign immunity. The Court is not convinced that the "sue and be sued" provision in the MBTA's enabling act is a clear and unequivocal waiver of sovereign immunity.
                                                            - 7 -
            1.3. Liability for "Acts and Negligence" Provision. Plaintiffs also argue that the Legislature waived the MBTA's sovereign immunity with respect to claims under the independent contractor statute by providing that the MBTA "shall be liable for the acts and negligence" of its directors, servants, and employees. See G.L. c. 161A, § 38. This argument is foreclosed by the SJC's Smith decision.
            The MBTA's enabling act waived immunity as to tort claims by making the MBTA liable "in the same manner as though it were a street railway company." See Smith, 462 Mass. at 373, quoting former version of G.L. c. 161A, § 38; accord Lavecchia, 441 Mass. at 244. As Smith explains, when the MBTA was first created in 1964, this provision was part of G.L. c. 161A, § 21 (as inserted by St.1964, c. 563, § 18), but in 1999 it was recodified as G.L. c. 161A, § 38.
Previously, the first two paragraphs of § 38 read as follows:
The authority shall be liable for the acts and negligence of the directors on the board and of the servants and employees of the authority in the management and operation of the authority and of the properties owned, leased and operated by it to the same extent as though the authority were a street railway company, but the directors shall not be personally liable except for malfeasance in office.
The authority shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company; provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of the injury which caused the death.
G.L. c. 161A, § 38, as inserted by St. 1999, c. 127, § 151.
            The SJC construed these provisions as making the MBTA liable for personal injury, death, and property damage on theories of contract (in the case of passengers only) or tort. See Thomas v. Massachusetts Bay Transp. Auth., 389 Mass. 408, 409-410 (1983).
            In 2009 the Legislature amended the first paragraph of § 38 by striking the phrase "to the same extent as though the authority were a street railway company;" it also deleted the second paragraph entirely. See St. 2009, c. 25, §§ 112, 113, and 123. The Legislature effectively replaced the prior waiver of liability with a new form of waiver by allowing suits against the MBTA under
                                                            - 8 -
the Massachusetts Tort Claims Act, G.L. c. 258. See Smith, 462 Mass. at 373; St. 2009, c. 25, § 123. These statutory amendments took effect on July 1, 2009. See St. 2009, c. 25, § 185.[4]
            The SJC has held that, by making these changes, "the Legislature annulled the waiver of immunity in G.L. c. 161A, § 38" and "provided instead that the MBTA was to be treated as a 'public employer' under the Tort Claims Act." Smith, 462 Mass. at 373. That ruling controls here. Plaintiffs' argument that § 38 should now be read as constituting a much broader waiver of sovereign immunity than before the 2009 statutory amendments therefore fails. The prior waiver of immunity in § 38 was "annulled" in 2009, not broadened. Id.
            2. Unjust Enrichment Claim. In Count II, Plaintiffs contend that the MBTA was unjustly enriched by failing to provide them with the same benefits as its employees. This is essentially a claim in the alternative, alleging that the MBTA should have pay damages under an unjust enrichment theory even if the independent contractor statute does not apply to the MBTA.
            The MBTA does not contend that this claim is barred by sovereign immunity. That makes sense, because a claim that a defendant was unjustly enriched by services performed by the plaintiff is a "quasi-contract" claim. Cf. Liss v. Studeny, 450 Mass. 473, 479 (2008). "The Commonwealth long ago waived its sovereign immunity against actions brought to enforce obligations it assumed through contracts." Minton Const. Corp. v. Commonwealth, 397 Mass. 879, 880 (1986); see also G.L. c. 258, § 12.[5] This waiver encompasses claims for quasi-contract damages under a theory of quantum meruit or unjust enrichment. See J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793-794 (1986). And this waiver applies where a plaintiff has no direct relationship with the
---------------------------
[4] Although the SJC stated that these amendments took effect November 1, 2009, see Smith, 462 Mass. at 373, that is incorrect. The provisions transferring the MBTA to the new Department of Transportation took effect November 1, 2009. See St. 2009, c. 25, §§ 182 & 183. But the provisions regarding the MBTA's tort liability in §§ 112, 113, and 123 took effect July 1, 2009. See St. 2009, c. 25, § 185.
[5] The statute providing that "[c]laims against the commonwealth ... may be enforced in the superior court," except as provided in the Tort Claims Act or some other statute, see G.L. c. 258, § 12, only authorizes contract claims against the Commonwealth. See Massachusetts Elec. Co. v. Athol One, Inc., 391 Mass. 685, 687 (1984) (statute did not waive Commonwealth's immunity from reach and apply action); Glickman v. Commonwealth, 244 Mass. 148, 150 (1923) (prior version of statute did not waive immunity from trespass action).
                                                            - 9 -
Commonwealth or its agencies, and instead asserts a claim "derived from the legal consequences of the contractual relationship between [a third party] contractor and the Commonwealth." See Massachusetts Elec. Co. v. Athol One, Inc., 391 Mass. 685, 689 (1984) (summarizing holding of First Nat. Ins. Co. of Am. v. Commonwealth, 376 Mass. 248, 251 (1978)).
            Nonetheless, Harrison and Ruchie may not seek unjust enrichment damages against the MBTA because the parties' rights and obligations are defined by valid contracts. See Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 641 (2013); Boston Med. Ctr. Corp. v. Secretary of Executive Office of Health & Human Servs., 463 Mass. 447, 467 (2012).
            The complaint alleges that the MBTA's obligations to pay the contested IT services were established in contracts between the MBTA and the staffing agencies that arranged for Harrison and Ruchie to work for the MBTA. And Plaintiffs concede in their opposition that they worked for the MBTA pursuant to contracts between each plaintiff and their staffing agency.
            Plaintiffs contracted with their staffing agencies to provide IT services to the MBTA in exchange for agreed-upon compensation, without any promise that they would receive all the benefits available to MBTA employees. The MBTA similarly contracted to pay the staffing agencies for those IT services, without agreeing to make additional benefits available to either Plaintiff.
            Since the subjects that are in dispute in this case —what the MBTA would pay for Plaintiffs' services, and what compensation Plaintiffs would receive for their work —was governed by these contracts, Harrison and Ruchie may not seek additional compensation under an unjust enrichment theory. See Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956) (plaintiff may not seek recovery on principles of unjust enrichment where valid contract covers subject matter of dispute); accord Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993) (same for claims of quantum meruit).[6]
            There is no allegation that the MBTA asked Plaintiffs to perform services that were not required under any of these contracts. Contrast Metropolitan Life,
---------------------------
[6] In a case like this there is no difference between a claim for unjust enrichment and one for quantum meruit, and thus it does not matter that Plaintiffs label this claim using one term rather than the other. "The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party." Liss, 450 Mass. at 479, quoting Salamon v. Terra, 394 Mass. 857, 859 (1985).
                                                            - 10 -
464 Mass. at 641-642. To the contrary, Plaintiffs specifically allege that all of the work they performed was done pursuant to these contracts.
            Though Harrison and Ruchie did not contract directly with the MBTA, that does not matter. "The rule barring unjust enrichment" where "a valid contract covers the subject matter of the parties' dispute" applies not only "when a plaintiff seeks to recover from the party with whom he expressly contracted but also ... when a plaintiff seeks to recover from a third party to the contract who benefited from its performance." ConocoPhillips Co. v. Koopmann, 542 S.W.3d 643, 663-64 (Tex. App. 2016), aff'd on other grounds, 547 S.W.3d 858 (Tex. 2018).
            Given the facts alleged in the complaint, Plaintiffs cannot seek compensation under a theory of unjust enrichment.
            3. Harrison's Retaliation Claim. In count III, Harrison claims that the MBTA is liable under G.L. c. 149, § 148A, for retaliating against him when he complained about being classified as an independent contractor rather than as an employee.
            The MBTA argues that if the independent contractor claim is barred by sovereign immunity, then it necessarily follows that Harrison's retaliation claim is similarly barred.
            Harrison did not respond to, and thus implicitly conceded, the point. Cf. Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised or argued in opposition to dispositive motion is waived).
            Since the Court has determined that count I is barred by sovereign immunity, it will dismiss count III for the same reason.
ORDER
            Defendants' partial motion to dismiss is allowed. Count I (independent contractor statute) and count III (retaliation) of the second amended complaint are hereby dismissed without prejudice for lack of subject matter jurisdiction. Count II (unjust enrichment) is dismissed with prejudice for failure to state a claim upon which relief may be granted.
@/s/Kenneth W. Salinger Justice of the Superior Court
@June 18, 2020
xxz