MARY K. BRENNAN *vs.* CITY OF CAMBRIDGE.

Middlesex.    March 9, 1955. — June 2, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Way,* Public: defect.   *Notice.*

Certain inaccuracies in describing a protruding tree root as an alleged defect in a city street in a notice given to the city under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, of injury to a pedestrian through falling over the root would not render the notice fatally defective if the place of injury was correctly stated and there was no other tree root at that place.

A dirt area in the sidewalk of a city street next to the curbstone, in which was a tree having a root five or six inches high and about two feet long projecting from it into the ground parallel and close to the curbstone, could not be said to be "not a part of the travelled path" so as to preclude liability of the city under G. L. (Ter. Ed.) c. 84, § 15, to a pedestrian injured by falling over the root as she started to cross the street.

TORT.  Writ in the Superior Court dated January 6, 1950. The action was tried before *Brogna,* J.

*Richard D. Gerould,* City Solicitor, for the defendant.

*George P. Lordan,* for the plaintiff.

LUMMUS, J.   This is an action of tort under G. L. (Ter. Ed.) c. 84, § 15, to recover for bodily injury sustained on September 7, 1949, by reason of a defect in Massachusetts Avenue, one of the principal public highways in the defendant city.   The plaintiff had a verdict.   The case is here on exceptions taken by the defendant.

The alleged defect, of which there was evidence, consisted of the root of a tree projecting about two feet from the trunk into the ground.   It ran about a foot from the curbstone, and parallel to it "in a dirt triangle" between the sidewalk and the curbstone.   The root had been there for nine years, and was five or six inches high.   The plaintiff testified that she had seen the tree, but as she started to cross the street she caught her foot on the root and fell.

By G. L. (Ter. Ed.) c. 84, § 18, as it appears in St. 1933, c. 114, § 1, the plaintiff was required, within thirty days after the injury, to give the city notice "of the name and place of residence of the person injured, and the time, place and cause of said injury or damage." The defendant contends that the notice was defective in that it described the root as three feet, instead of one foot, from the curbstone, and that it was described as extending across the sidewalk instead of being parallel to the curbstone. The place of the accident was stated as in front of a store at 902 Massachusetts Avenue. No other root appears to have been there. The defendant had only to examine the ground in front of the store, between the sidewalk and the curbstone, to find the place of the injury. The notice seems to us to have served the statutory purpose of enabling the city to find the defect and to determine its liability. *Murphy* v. *Boston & Maine Railroad, ante,* 123.

The defendant excepted to the denial of the following requested instruction, evidently taken from *Kellogg* v. *Northampton,* 4 Gray, 65, 69: "The defendant is not liable for a defect in a portion of the highway not a part of the travelled path, and not so connected with it that it would affect the safety or convenience of those travelling on the highway and using the travelled path." The charge is not before us. We think it cannot be said that the place of the accident was "not a part of the travelled path." So far as appears a pedestrian was entitled to use it for travel, as the plaintiff did. She could be found to have acted reasonably and properly in crossing the sidewalk where she did with the intention of crossing the street. There was no error in the denial of the defendant's motion for a directed verdict in its favor.

*Exceptions overruled.*