PETER KEMBLE *vs.* METROPOLITAN DISTRICT COMMISSION.

No. 98-P-1064.

Middlesex. January 18, 2000. - April 26, 2000.

Present: PERRETTA, KASS, & LENK, JJ.

*Metropolitan District Commission. Negligence,* Stairway. *Statute,* Construction. *Words,* "Sidewalk."

Stairs and a pedestrian overpass maintained by the Metropolitan District Commission that provided access over a roadway to a subway station did not constitute a "sidewalk" within the meaning of G. L. c. 92, § 36, so as to bar recovery for injuries allegedly sustained by a plaintiff while descending the stairway. [166-168]

CIVIL ACTION commenced in the Superior Court Department on October 30, 1995.

The case was heard by *James F. McHugh, III,* J., on a motion for summary judgment.

*Stephen M. Hamilton* for the plaintiff.

*Juliana deHaan Rice,* Assistant Attorney General, for the defendant.

LENK, J. The question before us is whether, as matter of law, an outdoor stairway leading to a pedestrian overpass is to be considered a sidewalk for the purposes of G. L. c. 92, § 36. The question arises because the plaintiff, Peter Kemble, claims to have been injured while descending the stairway, which extends from a pedestrian overpass at the Charles Street circle area of the Charles River reservation in Boston. Pedestrians use the overpass to access the Massachusetts Bay Transportation Authority's (MBTA) Charles Street subway station as well as to cross over to the other side of Charles Street. The Charles River reservation, inclusive of the overpass and stairs, is under the jurisdiction of the Metropolitan District Commission (commission).

Kemble filed a complaint sounding in negligence against the

commission under G. L. c. 258. The commission denied liability, taking refuge in G. L. c. 92, § 36, claiming that § 36 exclusively controlled the asserted cause of action and barred recovery for injuries sustained as here upon the sidewalk of a boulevard. The commission's motion for summary judgment was allowed on this basis,[1] and Kemble appeals.

In pertinent part, G. L. c. 92, § 36, states that "[t]he commonwealth shall be liable for injuries sustained by persons while traveling on any boulevard maintained by the [Metropolitan District] commission . . . if the same are caused by defects within the limits of the constructed traveled roadway . . . except that the commonwealth shall not be liable . . . for injury sustained upon the sidewalk of a boulevard . . . ." The statute defines neither sidewalk nor boulevard, but the commission maintains that the stairway and the pedestrian overpass are a continuation of the sidewalk of Charles Street, a commission boulevard, with which the stairs and overpass connect at both ends.

Kemble does not dispute that Charles Street is a commission boulevard or that Charles Street has adjoining it ground level sidewalks connected by stairs and the overpass. He maintains, however, that the sidewalk ends where the stairs and overpass begin, that the inclusion of stairs and overpass in the definition of the word sidewalk flies in the face of what that word ordinarily means, and that the stairs and overpass are simply sui generis, i.e., they are stairs and an overpass, not a sidewalk. Kemble's position is accordingly that the limited exemption from liability afforded the commission under G. L. c. 92, § 36, has no application to this action.

"When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose . . . . We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Police Dept. of Boston* v. *Fedorchuk*, 48 Mass. App. Ct. 543, 548 (2000), quoting from *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977).

---

[1] The Superior Court judge sensibly observed that the question presented in this case had previously been decided in another Superior Court case by a different judge and that he saw "no compelling reason to depart from that precedent." He noted that, were he "writing on a clean slate, I am not certain how I would rule."

The word "sidewalk" on its face suggests a walkway along the side of a roadway. This sense of the word is borne out by dictionary definitions which refer to a path or pavement at the side of a street for the use of pedestrians. See Webster's Third New International Dictionary 2113 (1993) and 9 Oxford English Dictionary 20 (1978). Other statutes refer to sidewalks in a fashion consistent with this understanding. See G. L. c. 83, § 25, which permits municipalities to establish sidewalks "in" public ways; G. L. c. 81, § 20, which instructs the department of highways to construct sidewalks "along" parts of State highways; and G. L. c. 85, § 4, which permits a person owning land adjoining a public way to construct a sidewalk "within" such way and along the line of such land. See also 10A McQuillan, Municipal Corporations § 30.11 (3d rev. ed. 1999).

The common sense of the matter before us is plain and perhaps best illustrated by an example. Were a young child to point to the structure at issue and say "Look, there's a sidewalk," her parent would doubtless reply "No, dear. That's a staircase." Neither case law nor applicable regulations remotely suggest the contrary.

The commission calls our attention to regulations which it promulgated governing parking on the property it controls. 350 Code Mass. Regs. §§ 5.00 et seq. (1997). More specifically, the term sidewalk in that context is defined as "[t]hat portion of a roadway or parkway under the care and control of the Metropolitan District Commission set aside for pedestrian travel." 350 Code Mass. Regs. § 5.01 (1997). Section 5.02(9) of 350 Code Mass. Regs. (1997) makes it a violation to "[s]top, stand or park a vehicle" upon any sidewalk so defined.

For several reasons, we are not persuaded that this limited purpose definition disposes of the question before us. First, the regulation defines the word "sidewalk" solely in order to address the matter of how parking is to be managed on commission property, a purpose squarely within the commission's proper purview as set forth in G. L. c. 92, § 37. Promulgating regulations for the use of property under the commission's care is a far cry, however, from promulgating regulations that would interpret or define statutory language in a different section of the statute, G. L. c. 92, § 36, so as to limit the commission's liability.

Second, the language of the regulation does not in any event advance the commission's cause. The regulation suggests that a

sidewalk is the portion of a road that is set aside for pedestrian travel. It does not suggest that *any* area, whether physically part of a road or not, that is set aside for pedestrian travel is a sidewalk. The commission thus arrives where it began: its view rests on the nonobvious proposition that the stairway and pedestrian walkway over Charles Street are in fact a portion of Charles Street.

We note in this regard that pertinent case law does not support the suggestion that any area set aside for pedestrian use is thereby rendered a sidewalk. In *Longo* v. *Metropolitan Dist. Commn.*, 348 Mass. 174, 176 (1964), the court observed that pedestrians may lawfully use safety islands, crosswalks in the center of traffic circles, and dividing strips intended for pedestrian use within the outer limits of the traveled part of a boulevard, holding that liability could be imposed upon the commission for injuries sustained by pedestrians that were caused by defects on such islands, crosswalks and strips. Otherwise put, those areas within a boulevard set aside for pedestrian use were not automatically relegated to the category of "sidewalk" which would immunize the commission from liability.

More fundamentally, however, we reject the commission's implicit assumption that there are but two categories available for our analysis: boulevards and sidewalks. In other words, if the staircase is not a boulevard, on this view, it must be a sidewalk. The two together, however, do not exhaust the universe of what is under the commission's jurisdiction. See G. L. c. 92, §§ 33-38. We conclude that the structure at issue, a stairway, is neither boulevard nor sidewalk, and that G. L. c. 92, § 36, does not bar recovery for injuries that may have been sustained on that stairway. Accordingly, summary judgment should not have been granted. The judgment is reversed, and the matter remanded to the Superior Court for further proceedings.

*So ordered.*