JAY POLONSKY & others[1] *vs.* MASSACHUSETTS PORT AUTHORITY. No. 03-P-13. April 16, 2004. *Massachusetts Port Authority. Airport. Notice,* Action alleging injury caused by defect in public way.

The plaintiff Jay Polonsky (Polonsky) was injured when he tripped and fell

---

[1]Elizabeth Polonsky; Steven Polonsky; Cara Polonsky; and Danielle Polonsky, by her father and next friend, Jay Polonsky.

in a parking lot adjacent to Terminal A at Logan Airport. The defendant Massachusetts Port Authority (authority) moved for summary judgment on the ground that Polonsky had failed to give the notice prescribed by G. L. c. 84, § 18. After denying summary judgment, a judge of the Superior Court reported the matter for interlocutory review under Mass.R.Civ.P. 64, as amended, 423 Mass. 1410 (1996).

The authority contends that the parking lot is a "way" within the meaning of G. L. c. 84, § 18, when that statute is read together with St. 1956, c. 465, § 23. The latter statute provides, in pertinent part, that "the Authority shall be liable to any persons sustaining bodily injury or damage in or on its property by reason of a defect or want of repair of ways in or on said projects to the same extent as though said ways were ways within the meaning of sections fifteen, eighteen, and nineteen of chapter eighty-four of the General Laws."[2] St. 1956, c. 465, § 23, eighth par.

The case is controlled in material respect by the conclusion in *Doherty* v. *Belmont*, 396 Mass. 271, 274 (1985), that a public parking lot is not a "public way" within the meaning of G. L. c. 84.[3]

The cases cited by the authority to support its contrary contention are inapposite. For example, in *Brennan* v. *Cambridge*, 332 Mass. 613, 614 (1955), the court held that the city could be held liable for injuries caused by defects in an area between a roadway and a sidewalk; from the report of the case it is evident that the area in question, though unpaved, was nonetheless within the layout of the public way.[4] Contrary to another of the authority's arguments, the fact that a roadway may include parking spaces within it does not mean that all parking spaces are roadways. Polonsky's injury occurred within a space in an interior aisle in the parking area; there is no suggestion that the area was used as a travel lane as might be the case around the perimeter of the lot.

The question in the present case is not whether the parking area is part of the Logan Airport "project," and hence embraced by the inclusion within St. 1956, c. 465, § 23, of ways that would not otherwise be considered "public"; instead the question is whether the parking area is a "way." To that question, *Doherty* v. *Belmont, supra*, offers an unambiguous negative response.

The motion judge correctly denied summary judgment. The case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Christopher A. Kenney* for the defendant.
*Seth H. Hochbaum* for the plaintiff.

---

[2]The parties do not dispute that Logan Airport is a "project" as defined in St. 1956, c. 465, § 1, as amended through St. 1967, c. 719.

[3]To similar effect is *Farrell* v. *Branconmier*, 337 Mass. 366, 368 (1958) (unpaved surface parking area in public park not a "way").

[4]Similarly, the case is different from those that have recognized that sidewalks are public ways within the meaning of G. L. c. 84. See, e.g., *Duffy* v. *Boston*, 275 Mass. 13, 13 (1931).