NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-253                                              Appeals Court

 DONALD R. LANDRY  vs.  MASSACHUSETTS PORT AUTHORITY & another.[1]


No. 15-P-253.

Hampden.     November 12, 2015. - April 12, 2016.

Present:  Cohen, Grainger, & Wolohojian, JJ.


Massachusetts Port Authority.  Municipal Corporations, Liability
    for tort.  Practice, Civil, Summary judgment, Interlocutory
    appeal, Execution.  Negligence, Use of way.  Way, Public:
    defect.  Notice, Action alleging injury caused by defect in
    public way.



    Civil action commenced in the Superior Court Department on
June 25, 2012.

    The case was heard by C. Jeffrey Kinder, J., on motions for
summary judgment.


    Tara E. Lynch for the defendants.
    Enrico M. De Maio for the plaintiff.


    COHEN, J.  The plaintiff, Donald R. Landry, brought this

negligence action pursuant to the Massachusetts Tort Claims Act,

G. L. c. 258, seeking damages from the defendants, the

_____

    [1] City of Worcester.

Massachusetts Port Authority (Massport) and the city of Worcester (city), for injuries he sustained at the Worcester Regional Airport (airport) when a motorized sliding gate pinned him to a metal bar protruding from the gate post. The defendants jointly moved for summary judgment, claiming that Landry was injured by reason of a defect in a way and, hence, his exclusive remedy was an action under G. L. c. 84, §§ 15, 18, and 19.[2] See Botello v. Massachusetts Port Authy., 47 Mass. App. Ct. 788, 789 & n.3 (1999). Because it was undisputed that Landry had not given notice within thirty days of his injury, as required by c. 84, § 18,[3] the defendants argued that they were entitled to judgment as matter of law. The city also argued that it was entitled to summary judgment for the independent reason that it was not responsible for "the way at issue."

A judge of the Superior Court denied summary judgment, concluding that the defendants had failed to establish that the

---

[2] Massport is brought within the ambit of these sections by St. 1956, c. 465, § 23, eighth par., which states in relevant part: "[Massport] shall be liable to any persons sustaining bodily injury or damage in or on its property by reason of a defect or want of repair of ways . . . to the same extent as though said ways were a way within the meaning of sections fifteen, eighteen, and nineteen of chapter eighty-four of the General Laws."

[3] Landry alleges in his complaint, and it is not disputed, that he made timely presentment of his claims under c. 258.

site of the accident was a "way,"[4] and that there remained a genuine issue of material fact as to the city's responsibility for the maintenance and operation of the gate. The defendants then jointly filed a notice of appeal from this interlocutory order, claiming entitlement to immediate review under the doctrine of present execution. Although we conclude that the appeal is not properly before us and must be dismissed, we exercise our discretion to consider the defendants' substantive arguments, which we find to be without merit.

Background. Viewing the evidence in the summary judgment record in the light most favorable to the nonmoving party, see Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), the relevant facts may be summarized as follows. On June 26, 2009, Landry, an employee of a commercial laundry, drove to the airport to make a delivery of clean uniforms to the airport maintenance department. At that time, under the terms of an agreement between Massport and the city, Massport operated the airport but all maintenance personnel were employed by the city.

Landry had been making such deliveries for six years. In the beginning, he would drive up to the airport's main gate, i.e., gate ten, where security guards would inspect his vehicle,

_____

[4] Previously, Massport had raised the same issue by motion to dismiss. At that stage, based upon the complaint alone, an earlier judge also ruled that it had not been shown that the site of the accident was a way.

escort him to the maintenance garage, and then escort him out. Because this was a time-consuming process, approximately one year before his injury, Landry was given permission to park his vehicle outside gate eighteen,[5] which was right outside the maintenance garage. He then would be admitted through that gate and proceed on foot.

The gate was twenty to twenty-five feet long, and ten feet high. It was motorized and moved on wheels from left to right. When the gate was not padlocked, it could be operated by remote control. Typically, when Landry arrived, a worker would come out of the maintenance garage, go over to one of the maintenance trucks parked outside, reach up to a remote control on the visor, and press the button to open the gate.

On the day of the accident, Landry telephoned ahead and received confirmation that he should go to gate eighteen. When he arrived, the gate was closed but not padlocked. A maintenance employee spotted him and used the remote control in a maintenance truck to open the gate. Instead of opening all the way, however, the gate moved only about three to four feet. After waiting approximately thirty to forty seconds with no further movement of the gate or instructions from the employee using the remote control, Landry began to walk sideways through the opening. This was a tight space, not only because Landry

---

[5] Occasionally he was directed to park at other gates.

was carrying a load of uniforms slung over his shoulder, but also because there was a twelve-inch piece of angle iron protruding from the gate post in order to guide the gate into place as it closed.

With Landry's back to the gate, and his chest facing the angle iron, the gate suddenly began to move, pushing him into the angle iron. As a result, he sustained a fractured sternum and was unable to work for two months. When he returned, he spoke with a few of the maintenance employees, who told him that the remote control button had gotten stuck. They also told him that this had been an ongoing issue and that, prior to his accident, the gate had been closing on their pickup trucks as they went through.

Discussion. 1. Doctrine of present execution. The doctrine of present execution is a narrow exception to the principle that there is no right of appeal from an interlocutory order unless one is authorized by statute or rule. Marcus v. Newton, 462 Mass. 148, 151-152 (2012). The exception applies when two criteria are met: the interlocutory ruling must interfere with rights in a manner that cannot be remedied on appeal from the final judgment, and the matter to be decided on appeal must be collateral to the merits of the controversy. Id. at 152.

In this case, even assuming that the first criterion is met because the defendants' immunity from suit is implicated,[6] we are unpersuaded that the second criterion has been satisfied. A collateral issue is "one that will not have to be considered at trial." Shapiro v. Worcester, 464 Mass. 261, 264 n.2 (2013) (citation omitted). Here, however, in order to decide whether Landry's claim is subject to c. 84, it must be determined where and how his injury occurred. Such factual issues are not collateral; they are essentially congruent with issues to be tried.

The case of Rodriguez v. Somerville, 472 Mass. 1008, 1009-1010 (2015), relied upon by the defendants, is distinguishable. In that case, the issue presented for interlocutory review was whether the plaintiff's presentment letter pursuant to G. L. c. 258, § 4, was defective. This issue was discrete and unrelated to the underlying facts pertaining to the plaintiff's injury. Similarly, in Shapiro v. Worcester, supra at 265, the issue of the retroactivity of the presentment requirement was separate from those raised by the plaintiff's underlying nuisance claim and, therefore, appealable under the doctrine of present execution.

---

[6] Insofar as it applies to a governmental entity, c. 84, § 15, operates as a limited waiver of sovereign immunity in cases where a person has been injured by a defect on a publicly maintained way. To take advantage of the waiver, however, the injured person must comply with the notice requirements of § 18.

We are compelled to conclude that the defendants' appeal is not properly before us.[7]

2. <u>Denial of summary judgment</u>. Nevertheless, we comment on the merits of the defendants' arguments, as the issues have been fully briefed, questions concerning the parameters of liability under c. 84 are recurrent, and our discussion may be instructive in future cases. Cf. <u>Marcus</u> v. <u>Newton</u>, 462 Mass. at 153. We review the denial of the defendants' motion for summary judgment de novo. <u>Anderson</u> v. <u>Gloucester</u>, 75 Mass. App. Ct. 429, 432 (2009).

In order to be subject to c. 84, §§ 15, 18, and 19, the injury in question must have come about "by reason of a defect . . . in or upon a way." G. L. c. 84, § 15. Here, the defendants have not shown that this statutory test is met. First, the facts of record do not establish as matter of law that the site of Landry's injury was a way. Notwithstanding Landry's testimony that he traversed gate eighteen on foot with some regularity, it is not conclusively established that the place where he was trapped was a roadway, sidewalk, or travel

---

[7] We note that invoking the doctrine of present execution in a case where there is a fact-based dispute as to the application of c. 84 and its notice provisions appears to be unprecedented. In <u>Polonsky</u> v. <u>Massachusetts Port Authy</u>., 60 Mass. App. Ct. 922 (2004), we reviewed the denial of Massport's motion for summary judgment claiming that an injury sustained in one of its parking lots was barred by c. 84. However, that case came to us by way of a report by the trial court judge pursuant to Mass.R.Civ.P. 64, as amended, 423 Mass. 1410 (1996).

lane. The defendants submitted no affidavit or testimony concerning the accident site from anyone associated with the airport. There are, moreover, photographs in the record that raise a question whether gate eighteen simply marked the beginning of a restricted area used by the maintenance department for parking and storing their vehicles and equipment. See Polonsky v. Massachusetts Port Authy., 60 Mass. App. Ct. 922, 923 (2004) (parking area at airport was not a way).

In any event, even if the accident occurred on a way, in order for c. 84 to apply, Landry's injury had to be sustained "by reason of" a "defect in or upon the way." G. L. c. 84, § 15. In this respect, "it is not the location of the injury, but rather the plaintiff's theory of liability, that renders the [application of c. 84 and its notice requirement] at best unclear." Peters v. Haymarket Leasing, Inc., 64 Mass. App. Ct. 767, 777 (2005).

Landry has a factually supported theory of liability that his injury resulted not from any defect in the area where he was injured, but from human agency -- the negligent operation or maintenance of the remote control by a person or persons employed by or under the supervision of the city, Massport, or both, which caused the motorized sliding fence to move unexpectedly while Landry was walking through the gate. On that

theory of the case, neither defendant was entitled to summary judgment.

<u>Appeal dismissed</u>.