The plaintiff sued the Massachusetts Bay Transportation Authority (MBTA) for negligence after sustaining injuries in a fall at the MBTA's Babcock Street station. A Superior Court judge ordered summary judgment for the MBTA, reasoning that the platform where the injury occurred was a "way" within the meaning of G. L. c. 84, § 15, and that the plaintiff had not served the MBTA with notice of his injuries within thirty days as required by G. L. c. 84, § 18. On appeal, the plaintiff assigns error to the judge's conclusion that the platform is a way. We affirm.
Background. We summarize the undisputed summary judgment record in the light most favorable to the plaintiff. See Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). The platform[2] is located in the middle of Commonwealth Avenue in Boston, on land reserved to the MBTA pursuant to St. 1894, c. 234. It is a six-foot-wide paved walkway that runs parallel to Commonwealth Avenue's outbound traffic lanes, between Commonwealth Avenue and the MBTA green line "T"[3] tracks. The paved area has two parts: a four-foot-wide plain asphalt surface, level with the top of the granite curb that separates the platform from the automobile lanes, and a two-foot-wide, raised, yellow "landing strip" bordering the track area. The platform begins at the intersection of Commonwealth Avenue and Babcock Street, and continues for some length before terminating at a part of the median consisting of grass and dirt. A fence separates the platform and tracks from counterparts on the inbound side of Commonwealth Avenue.
On May 5, 2013, the plaintiff (then a Boston police officer) ran along the platform toward Babcock Street in pursuit of two suspected robbers. He stepped in a depression in the pavement, tripped, and fell, severing his left patellar tendon. He first informed the MBTA of this accident over five months later, on October 23, 2013.
Discussion. We review the summary judgment record de novo. See Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012). The standard for granting or denying a motion for summary judgment is well established: we determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc., supra.
Section 15 provides the exclusive remedy for "bodily injury or damage ... [to] property by reason of a defect ... in or upon a way" maintained by the MBTA (emphasis supplied). G. L. c. 84, § 15, as amended by St. 1992, c. 343, § 4. See Lavecchia v. Massachusetts Bay Transp. Authy., 441 Mass. 240, 243, 243 n.6 (2004), citing Baird v. Massachusetts Bay Transp. Authy., 32 Mass. App. Ct. 495, 497 (1992) ("The MBTA is a governmental entity" and is a "person" for the purposes of G. L. c. 84, §§ 15, 18 ). The sole issue before us is whether the Babcock Street station platform is a "way" within the meaning of § 15. If it is a way, then the plaintiff was required to provide the MBTA notice of his claim within thirty days. See § 18. It is undisputed that he did not do so.
The interpretation of the statutory term "way" as applied to undisputed facts is a matter reserved for the court. See Annese Elec. Serv., Inc. v. Newton, 431 Mass. 763, 764 n.2 (2000). In this case, the term is not defined in the statute or the case law interpreting it.[4] Accordingly, we give the term its "usual and accepted meaning[ ]." Commonwealth v. St. Louis, 473 Mass. 350, 355 (2015). We derive the term's ordinary meaning from dictionary definitions and usage in other legal contexts. See ibid.; Kemble v. Metropolitan Dist. Commn., 49 Mass. App. Ct. 165, 166-167 (2000).
As relevant here, a way is "a thoroughfare used or designed for traveling or transportation from place to place." Webster's Third New Intl. Dictionary 2587 (1993). Our cases provide specific examples. Any "part of the travelled path" is a way, including roadways, sidewalks, and the surfaces between the two. Brennan v. Cambridge, 332 Mass. 613, 614 (1995). See Duffy v. Boston, 275 Mass. 13, 13-14 (1931) ; Lavecchia v. Massachusetts Bay Transp. Authy., 58 Mass. App. Ct. 658, 660 (2003), S.C., 441 Mass. 240 (reversed on other grounds). Spaces between ways and other places-for example, a curb between a highway and a reserved median, see Becker v. Boston, 321 Mass. 230, 232-233 (1947), or an isolation joint between the sidewalk and a T station entrance plaza, see Murphy v. Massachusetts Bay Transp. Authy., 85 Mass. App. Ct. 1106 (2014)[5] -are themselves part of the way.
By contrast, public walkways outside the layout of the street and sidewalk are not. See Sullivan v. Boston, 126 Mass. 540, 542 (1879) ; Abihider v. Springfield, 277 Mass. 125, 127 (1931). Places where only incidental travel occurs, such as parking lots, are not ways. See Polonsky v. Massachusetts Port Authy., 60 Mass. App. Ct. 922, 923 (2004), citing Doherty v. Belmont, 396 Mass. 271, 274 (1985).
Here, the platform is entirely contained within the limits of Commonwealth Avenue's layout. See Brennan, supra. Cf. Abihider, supra. Access between Commonwealth Avenue, Babcock Street, and the platform is unrestricted. Only a curb and higher grade separate the platform walkway from the adjacent roadways. A pedestrian can walk from the sidewalk, onto and across Commonwealth Avenue, and onto and along the platform. Indeed, the plaintiff did exactly that. See Becker, supra; Brennan, supra; Murphy, supra. Further, the platform appears and is used much like a sidewalk. MBTA passengers walking onto the platform for the purpose of boarding the train or disembarking use the platform as a walkway from one end of a parked train to the other. Even the plaintiff's expert referred to it as a walkway.
For all of these reasons, we agree with the judge's conclusion that, based on the evidence in the summary judgment record, the platform at the MBTA's Babcock Street station is a way within the meaning of § 15. Accordingly, the plaintiff was required to provide notice to the MBTA within thirty days. See G. L. c. 84, § 18. He did not, and judgment was properly entered in favor of the defendant.
Judgment affirmed.

We use the term "platform" throughout this decision for ease of reference because it was used by the MBTA representative at deposition. We do not intend for the term to have legal meaning beyond the facts of this case. Specifically, we do not suggest that every platform is a way.

The "T" is the common name for the public transit rail service operated by the MBTA.

The parties suggest that, in Landry v. Massachusetts Port Authy., 89 Mass. App. Ct. 307, 311 (2016), a panel of this court defined "way" to mean "a roadway, sidewalk, or travel lane." While we agree that roadways, sidewalks, and travel lanes are ways, we do not interpret the list of examples in Landry as an exclusive definition of way under G. L. c. 84, § 15.

While we do not normally reference our nonbinding unpublished decisions issued pursuant to our rule 1:28, see Chase v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008), both parties here have cited Murphy in support of their positions, and the judge relied on it in his decision.