APPEALS COURT 
 
 GCP NEWTON GP, LLC,[1] & others[2] vs. COMMONWEALTH DEVELOPMENT LLC, trustee[3]

 
 Docket:
 24-P-469
 
 
 Dates:
 March 11, 2025 – April 8, 2025
 
 
 Present:
 Desmond, Ditkoff, & Englander, JJ.
 
 
 County:
 Middlesex
 

 
 Keywords:
 Practice, Civil, Jury trial, Interlocutory appeal, Dismissal of appeal. Unjust Enrichment. Contract, Unjust enrichment.
 
 

       Civil action commenced in the Superior
Court Department on June 25, 2021.
      Summary process.  Complaint filed in the Newton Division of the
District Court Department on July 30, 2021.
      Summary process.  Complaint filed in the Newton Division of the
District Court Department on December 11, 2023.
      After transfer of the summary process
actions to the Superior Court Department and consolidation, a motion to strike
a demand for a trial by jury was heard by Shannon Frison, J.
Thomas A. Rueter
for UniBank for Savings.
Matthew A. Kane
for the defendant.
      ENGLANDER, J.  This appeal involves a claim for unjust
enrichment by a lender, UniBank for Savings (UniBank), against a landlord,
Commonwealth Development LLC (Commonwealth Development).  The basis for the unjust enrichment claim is
that UniBank lent money to the tenant of Commonwealth Development's property,
GCP Newton Hotel, Limited Partnership (GCP Newton), that the tenant invested
the loan proceeds in improvements to the property (a hotel), and that under the
circumstances (i.e., where the landlord claims that the tenant has defaulted),
it is "unjust" for Commonwealth Development to obtain and retain the
value of the improvements that its tenant made.
      The issue raised in this appeal is whether
UniBank is entitled to a jury trial on its unjust enrichment claim.  The case is currently set for trial a few
weeks from this date, and the judge has refused UniBank's request for a jury.  This appeal is accordingly interlocutory, but
UniBank contends it is properly before us under the doctrine of present
execution.[4]
      We conclude that the doctrine of present
execution does not apply here.  The wrong
that UniBank alleges can be remedied after final judgment, by ordering a retrial
before a jury.  UniBank cites no case
holding that the doctrine of present execution applies to the denial of a jury
in a civil case, and the doctrine in all events should be applied stingily.  See Patel v. Martin, 481 Mass. 29, 32 (2018)
(doctrine of present execution applies only in "narrowly limited
circumstances").  Although the
appeal is dismissed,[5] for the reasons below we express our further view that
the novel claim that UniBank seeks to present is not viable as a matter of law.[6]
      Background.  The following facts are drawn from UniBank's
complaint as the intervener.  The action
concerns a hotel in Newton, of which Commonwealth Development is the landlord.  In 2018, the leasehold interest in the hotel
was assigned to the plaintiff, GCP Newton.  Also in 2018, GCP Newton and UniBank entered
into a loan agreement, under which UniBank extended financing to GCP Newton,
and in return took a security interest in the leasehold, with Commonwealth
Development's consent.  GCP Newton used
the financing it had received from UniBank to renovate the hotel.
      In 2020, during the COVID-19 pandemic that
placed significant strains on the hospitality industry, GCP Newton defaulted on
its loan to UniBank, and also did not fully satisfy its lease obligations to
Commonwealth Development.  GCP Newton
brought the present action against Commonwealth Development in June of 2021,
seeking a declaratory judgment that it was not in default, among other claims.  Subsequently, in July of 2021, Commonwealth
Development gave notice to GCP Newton that it was terminating the lease, and
then brought a summary process action, which was transferred and consolidated
with this action.[7]
      In September of 2021, UniBank moved to
intervene.  The basic allegation in
UniBank's complaint is that the value of the hotel was substantially increased
by the renovations funded by UniBank, and that it would be "unreasonable
for [Commonwealth Development] to expect that it can continue to enjoy interest
in the improved Premises without compensating UniBank."  Commonwealth Development moved to dismiss
UniBank's complaint, and its motion was denied.
      In its complaint, UniBank demanded a jury
trial.  Commonwealth Development moved to
strike the jury demand, and UniBank opposed, asserting that its unjust enrichment
claim was "legal in nature" and analogizing its claims to the common
law counts in assumpsit of "money paid" and "money had and
received."  After a hearing, the
judge allowed Commonwealth Development's motion to strike without issuing an
opinion.  UniBank purports to appeal from
that ruling.
      Discussion.  As a general rule, a litigant may appeal only
from a final judgment; a litigant may not appeal from an interlocutory
order.  See CP 200 State, LLC v. CIEE,
Inc., 488 Mass. 847, 848 (2022).  The order
at issue, denying a jury for UniBank's claim, is interlocutory.  UniBank claims, however, that its appeal
falls under the "doctrine of present execution" exception to the
final judgment rule.  Under that
exception, orders that are "collateral to the underlying dispute in the
case" and that "will interfere with rights in a way that cannot be
remedied on appeal" may be immediately appealed.  Patel, 481 Mass. at 32, quoting Maddocks v.
Rickers, 403 Mass. 592, 596, 598 (1988).
      UniBank claims that the order at issue
meets the above standard and thus is subject to the doctrine of present
execution, but we disagree.  The doctrine
itself provides only a narrow exception to the final judgment rule.  See Patel, 481 Mass. at 32.  Piecemeal appeals are greatly disfavored, and
allowed only where important and supervening policy commands that appellate
review be provided prior to further action in the trial court.  See id. at 32-33.  One such supervening policy is "where
protection from the burden of litigation and trial is precisely the right to
which [a party] asserts an entitlement." 
Id. at 33, quoting Estate of Moulton v. Puopolo, 467 Mass. 478, 485
(2014).  In this vein, the most prevalent
use of the doctrine of present execution involves appeals from the denial of
government immunity from suit.  See,
e.g., Shapiro v. Worcester, 464 Mass. 261, 264-265 (2013); Kent v.
Commonwealth, 437 Mass. 312, 317 (2002). 
The reasoning of those cases is that the governmental immunities do not
merely protect government defendants from liability, but rather protect them
from being haled into court at all.  See
Brum v. Dartmouth, 428 Mass. 684, 688 (1999). 
Once such a lawsuit is allowed to proceed, "[t]he right to immunity
from suit would be 'lost forever' if an order denying it were not appealable
until the close of litigation."  Id.
      Other examples where the doctrine of
present execution applies are sparse, but each of those examples falls into the
same category -- the harm sought to be redressed on appeal cannot be adequately
remedied by an appeal after judgment. 
See Rodriguez v. Somerville, 472 Mass. 1008, 1010 (2015) (present
execution applies to claim of defective presentment under Massachusetts Tort
Claims Act); Fabre v. Walton, 436 Mass. 517, 521-522 (2002), S.C., 441 Mass. 9
(2004) (present execution applies to denial of special motion to dismiss
pursuant to anti-SLAPP statute); Borman v. Borman, 378 Mass. 775, 780-781
(1979) (present execution applies to order disqualifying counsel).  
      UniBank contends that the denial of a jury
trial in a civil case also cannot be adequately remedied through an appeal
after judgment, but we do not agree.  No
case from our courts so holds.  If it is
determined, on appeal after final judgment, that UniBank was entitled to a
jury, UniBank can be restored to the same position in law that it occupies
currently, through a decision vacating the judgment and remanding for a new
trial with a jury.  Moreover, in such an
appeal after final judgment, we could adjudicate other claimed errors, if any, in
the trial process in one appeal, rather than inefficiently spreading our review
through multiple appeals.  See Linder v.
Pollak, 102 Mass. App. Ct. 386, 390 (2023). 

      UniBank suggests that the right to a civil
jury is so sacrosanct that incorrectly subjecting its unjust enrichment claim
to a bench trial would cause irremediable harm; suffice it to say that we are
not persuaded.  See Patel, 481 Mass. at
36 (present execution does not apply to orders requiring disclosure of
privileged material); Marcus v. Newton, 462 Mass. 148, 152-153 (2012) (present
execution does not apply to denial of motion for summary judgment founded in
immunity from liability, as opposed to immunity from suit).
      Although the appeal is dismissed, we
nevertheless exercise our discretion, as we have in the past, to comment on the
merits of the issues before us, in the interests of judicial efficiency.  See Landry v. Massachusetts Port Auth., 89
Mass. App. Ct. 307, 310 (2016).  See also
Marcus, 462 Mass. at 153.  In addressing
the jury trial right issue, we necessarily had to evaluate (and the parties
discussed at length) the nature of UniBank's unjust enrichment claim -- that
is, is it a claim "at law" or an "equitable" claim under
the standards of our case law.  See Dalis
v. Buyer Advertising, Inc., 418 Mass. 220, 222-223, 226 (1994).  In this case, however, the legal theory
presented is novel -- UniBank's counsel candidly conceded that he knew of no
appellate case accepting such a theory.
      Indeed, to say that Unibank's unjust
enrichment claim is novel is perhaps an understatement.  As presented, the theory does not have
discernable limits -- UniBank appears to suggest that any time a lender's loan
proceeds have (arguably) been used to add value to the property of a third
party -- that is, someone other than the borrower -- the lender may sue that
third party and recover back the loan proceeds in damages, regardless of
whether the third party is in any way at fault. 
Importantly, here UniBank does not rely on any contractual relationship
with Commonwealth Development; UniBank's contract is with GCP Newton, the
borrower and tenant.[8]  Nor does UniBank
claim that Commonwealth Development has committed any wrong as to UniBank; the
claim is simply that, in UniBank's view, Commonwealth Development has received
value (in the form of property improvements) that Commonwealth Development
ought to be compelled to disgorge to UniBank.
      In short, UniBank's claim is not founded
in contract, in tort, or in principles of real property.  UniBank's goal is to recover its loan
proceeds as a money judgment, not from its borrower but from a stranger entity
that UniBank admits has breached no duty to it. 
UniBank suggests that its claim is analogous to a claim for "money
had and received" or "money paid," but Commonwealth Development
is not alleged to have received money from UniBank's borrower, GCP Newton;
rather, the allegation is simply that the loan proceeds were used to improve
the tenant's property, thereby arguably improving Commonwealth Development's property
as well (assuming the improvements had value to Commonwealth Development once
the tenancy with GCP Newton has ended).
      It is true that the concept of
"unjust enrichment" has, in some limited circumstances, been extended
to encompass claims against defendants described as "innocent"
recipients of money or property.  See,
e.g., Sacks v. Dissinger, 488 Mass. 780, 790-791 (2021); Demoulas v. Demoulas,
428 Mass. 555, 571-572 (1998) (constructive trust could be imposed on property
transferred by wrongdoer to defendants, if defendants were not bona fide
purchasers); Stevens v. Nagel, 64 Mass. App. Ct. 136, 140-141 (2005)
(plaintiffs pleaded adequate unjust enrichment claim by alleging that defendant
received money, without giving value, from third party who had embezzled
money).  None of these circumstances,
however, even approach the breathtaking scope of the claim asserted here.  "Unjust enrichment" is not a
concept to be cut loose from the moorings of claims recognized at common law.[9],[10],[11]
Appeal dismissed.

footnotes

[1] As general
partner of GCP Newton Hotel, Limited Partnership.

[2] UniBank for
Savings and Newton Corner Restaurant Concepts, LLC, interveners.

[3] Of the
Gateway Realty Trust.

[4] We note that
the entry of UniBank's appeal in this court vested jurisdiction of UniBank's
claim for a jury trial in this court, until the appeal was decided or this
court ordered otherwise.  See
Commonwealth v. Cronk, 396 Mass. 194, 197 (1985).  Although the Superior Court exercised its
discretion to advance this case to trial-ready status, the Superior Court
lacked jurisdiction to go forward with a trial of UniBank's claim or to
otherwise act inconsistently with our appellate jurisdiction.  As we have now resolved the appeal,
jurisdiction over the claim will return to the Superior Court.

[5] We note that
UniBank did not file a petition to a single justice under G. L.
c. 231, § 118, from the order striking its jury demand.

[6] We have in
the past expressed a view on the merits, even though an interlocutory appeal
was improper, where supported by concerns of efficiency and court
administration.  See Landry v.
Massachusetts Port Auth., 89 Mass. App. Ct. 307, 310 (2016).

[7] A second
summary process action involving a sublease was also transferred and
consolidated with this action.

[8] UniBank,
Commonwealth Development, and GCP Newton are parties to an agreement entitled
"Landlord's Consent," but the agreement is not the basis for suit.

[9] In support of
its theory, UniBank relies on the Supreme Judicial Court's decision in Suffolk
Constr. Co. v. Benchmark Mechanical Sys., Inc., 475 Mass. 150, 154 (2016)
(Suffolk).  In that case, a borrower
assigned to a lender its right to payments from a third party, as collateral
for a loan.  Id. at 152.  The third party mistakenly sent its payments
to the borrower, and the borrower kept the payments.  Id. 
The lender brought an action against the third party under G. L.
c. 106, § 9-405.  Id.  UniBank points out that in dicta, the court
stated that the lender could have proceeded either against the borrower or the
third party.  Id. at 154.  The case is not analogous to the claim here,
because in Suffolk the lender had contractual rights as assignee of the
agreement between the borrower and the third party.  See id.

[10] As the
appeal is dismissed, we do not act on the merits of UniBank's unjust enrichment
claim.  The matter can be raised by an
appropriate motion in the trial court.

[11] Commonwealth
Development's request for attorney's fees is denied, without prejudice to being
raised at an appropriate time in the Superior Court.